# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0548, <u>State of New Hampshire v. Joshua A. McNeil</u>, the court on February 19, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Joshua A. McNeil, appeals his convictions following a jury trial in the Superior Court (<u>O'Neill</u>, J.) on two counts of sale of a controlled drug. <u>See</u> RSA 318-B:2, I (2017). The defendant argues that the trial court erred in denying his motion to suppress audio-recorded statements of a confidential informant (CI) made during controlled drug buys. He contends that the CI's statements were testimonial and that, because the CI did not testify at trial, they were admitted in violation of his Sixth Amendment right under the United States Constitution "to be confronted with the witnesses against him." U.S. CONST. amend. VI. We affirm.

Based on the evidence admitted at trial, the jury could have found the following facts. In September 2016, police officers with the New Hampshire Attorney General's Drug Task Force were working with a CI to conduct controlled drug buys from the defendant. The CI had agreed to cooperate with the officers in exchange for sentencing consideration after being arrested and charged with felony-level drug sales. At the direction of the officers, the CI purchased 14 tablets of Buprenorphine from the defendant on September 6, and eight tablets of Buprenorphine and two packages of Suboxone sublingual films from the defendant on September 26.[1]

During both controlled buys, the CI was outfitted with an audio-recording device. Following the trial court's denial of the defendant's motion to suppress the recorded statements of the CI, as well as further objections made at trial, the CI's statements were admitted into evidence. At the close of trial, the defendant renewed his objections through a motion to dismiss, which was denied by the trial court. This appeal followed.

The defendant contends that the trial court's admission of the CI's recorded statements violated the Confrontation Clause of the Sixth Amendment, arguing that the statements were testimonial. The State disagrees, contending that the CI's statements were admitted not for the truth of the matters asserted, but rather to provide context for the defendant's

---

[1]At trial, the State also presented evidence in support of a third controlled drug sale. That charge was dismissed, however, due to insufficient evidence.

recorded statements.  See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) ("The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").  We need not decide this issue because we conclude, as the State also contends, that any error was harmless.

The State bears the burden of proving that an error is harmless.  State v. Hernandez, 159 N.H. 394, 402 (2009).  An error is harmless only if it is determined, beyond a reasonable doubt, that the verdict was not affected by the error.  Id.  An error may be harmless beyond a reasonable doubt if the alternative evidence of a defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt.  Id. In making this determination, we consider the alternative evidence presented at trial, as well as the character of the inadmissible evidence itself.  Id.

We conclude that the State has established, beyond a reasonable doubt, that the verdict was not affected by admission of the CI's recorded statements. At trial, the defendant was charged with two counts of sale of a controlled drug. See RSA 318-B:2, I.  Both indictments charged the defendant with knowingly selling "a substance that he represented was the narcotic drug Buprenorphine," which "was subsequently determined to be the Schedule III drug Buprenorphine."  Accordingly, for the jury to convict the defendant on both counts, the State had to prove, beyond a reasonable doubt, that the defendant knowingly sold Buprenorphine.

The alternative evidence of the defendant's guilt was overwhelming, and the CI's statements were inconsequential in relation to its strength.  See Hernandez, 159 N.H. at 402.  On September 6, the officers provided the CI with $300 of marked United States currency for the buy.  After searching the CI's person and vehicle, the officers followed him to the location where he had agreed to meet the defendant.  At trial, an officer conducting surveillance on September 6 identified the defendant as the driver of the car that the CI entered that day to complete the drug transaction.  While the transaction occurred, the lead investigator, who was also conducting surveillance, listened to live feed of the audio-recording device that had been placed on the CI prior to the transaction.  He listened to the defendant make the following statements: (1) "Here's ten of them"; (2) "I can do 14"; (3) "13 is 195 . . . . That's cutting myself, but I'll make it work"; and (4) "I can probably get some strips soon."

At trial, the lead investigator identified the defendant's voice on the recording based on a handful of phone conversations and one 30- to 40-minute face-to-face meeting with the defendant, all of which occurred after the controlled buys.  After the transaction, the officers followed the CI to a predetermined location and searched the CI and his vehicle.  The CI gave the

lead investigator 14 pills and $90 in change, $80 of which was marked money that the officers had given the CI, and $10 of which was unmarked. The pills were tested and, at trial, a chemist with the State confirmed that they were Buprenorphine. The number of pills (14) and the change ($90) matched the statements made by the defendant on the audio-recording. The defendant stated that he could "do 14," and that "13 is 195," indicating that the pills were $15 apiece. Thus, 14 pills would be $210, leaving the CI with $90 in change, having started with $300.

On September 26, the officers provided the CI with $200 of United States currency. After searching the CI's person and vehicle, the officers again followed the CI to the location where he had agreed to meet the defendant. At trial, the lead investigator and another officer testified that, while conducting surveillance, they observed the defendant exit a wooded area and get into the front passenger seat of the CI's vehicle. While the transaction took place, the lead investigator listened to live feed from the audio-recording device placed on the CI. He heard the defendant make the following statements: (1) "Eight, and I got some strips too;" (2) "How many are there?"; and (3) "I have my doctor's tomorrow. So hopefully I can get more. I don't know, though. No idea. I'll let you know."

At trial, the lead investigator again identified the defendant's voice on the recording. After the controlled buy, the officers followed the CI to a predetermined location where his person and vehicle were searched and he gave the lead investigator eight pills and two packages of sublingual films. The pills and sublingual films were tested and, at trial, a chemist for the State confirmed that they were Buprenorphine and Suboxone respectively. The number of pills (8) matched the statement made by the defendant on the audio-recording.

Given the overwhelming evidence of the defendant's guilt at trial, we conclude that, even without the CI's statements, the State succeeded in proving each element of the crimes charged beyond a reasonable doubt: that the defendant twice knowingly sold Buprenorphine. Any additional evidence presented through the CI's statements was superfluous. See, e.g., State v. Tabaldi, 165 N.H. 306, 320-21 (2013). The defendant's convictions are affirmed.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3